In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00107-CR


______________________________




KAPOOLA EARL JILES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 7th Judicial District Court


 Smith County, Texas


Trial Court No. 007-2460-06




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Kapoola Earl Jiles appeals from his conviction on his open plea of guilty to a third-degree
felony offense of driving while intoxicated (DWI). (1) See Tex. Penal Code Ann. § 49.04 (Vernon
2003), § 49.09(b) (Vernon Supp. 2008). Jiles pled "true" to the enhancement, and the trial court
sentenced him to twelve years' imprisonment. Jiles was represented by different, appointed, counsel
at trial and on appeal. 

 Jiles' attorney has filed a brief which discusses the record and reviews the proceedings. 
Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there
are no arguable grounds to be advanced. This meets the requirements of Anders v. California, 386
U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Jiles September 24, 2008, informing him of his right
to examine the entire appellate record and to file a pro se response. Counsel simultaneously filed
a motion with this Court seeking to withdraw as counsel in this appeal. Jiles has not filed a pro se
response, nor has he requested an extension of time in which to file such a response.

 We have determined that this appeal is wholly frivolous. We have independently reviewed
the clerk's record and the reporter's record, and we agree that no arguable issues support an appeal. 
See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

 We do note, however, that the trial court's judgment in this case indicates the degree of the
offense is a "2nd Degree Felony." This offense is a third-degree felony. See Tex. Penal Code Ann.
§§ 49.04, 49.09(b). The punishment range was correctly enhanced to that of a second-degree felony. 
See Tex. Penal Code Ann. § 12.42(a)(3) (Vernon Supp. 2008). This Court has the authority to
reform the judgment to make the record speak the truth when the matter has been called to our
attention by any source. French v. State, 830 S.W.2d 607 (Tex. Crim. App. 1992). In Asberry v.
State, 813 S.W.2d 526 (Tex. App.--Dallas 1991, pet. ref'd), the court noted that the authority of the
appellate court to reform incorrect judgments is not dependent on request of any party; the appellate
court may act sua sponte. The Texas Rules of Appellate Procedure provide direct authority for this
Court to modify the judgment of the trial court. Tex. R. App. P. 43.2.

 Therefore, we hereby reform the judgment to indicate that the correct degree of the offense
is a third-degree felony. 

 As reformed, we affirm the judgment of the trial court. (2)



 Josh R. Morriss, III

 Chief Justice


Date Submitted: December 1, 2008

Date Decided: December 2, 2008


Do Not Publish

1. This appeal has been transferred to this Court from the Tyler Court of Appeals pursuant to
the Texas Supreme Court's docket equalization program.
2. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Jiles in this case. No substitute
counsel will be appointed. Should Jiles wish to seek further review of this case by the Texas Court
of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or
file a pro se petition for discretionary review. Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely motion for rehearing that was
overruled by this Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along
with the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for discretionary
review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 68.4.